**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-50195-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Vernon Lamont Carlisle, | |
| Defendant. | |

The Court is in receipt of the U.S. Probation Offices' Request for Early Termination of Supervised Release ("the Request"), the Government's Position on Early Termination of Supervised Release (Doc. 9) and the Defendant's Response (Doc. 10). For the reasons stated herein, the Court finds Early Termination of Defendant's Supervised Release is warranted.

I.     Background

The Defendant sentenced to a combined term of imprisonment of 420 months followed by a 10-year supervised release term after being convicted of three-counts involving the distribution of cocaine base, carrying a firearm during a drug trafficking crime and employing/inducing a person under 18 and (Doc. 1-1). The Defendant began his supervised release term on July 13, 2020. His case was transferred from the Southern District of Iowa to this District Court for supervision on August 13, 2020. (Doc. 1). His supervised release expiration date is July 12, 2030. (Doc. 1).

The Defendant was indicted by a grand jury in 1990 on conspiracy to distribute

cocaine base "crack" (count 1); using and carrying a firearm during and in relation to a drug trafficking crime (count 2) and using a minor to distribute controlled substances (count 3).[1] The statutory penalties included, on count 3, a mandatory minimum of 20 years to life. The sentencing court enhanced the Defendant's guideline calculations for being a leader of a conspiracy and for witness tampering and/or intimidation. At sentencing the judge noted that the guidelines sentence imposed, was, if anything, "too soft." (Doc. 287 at 3).

Throughout serving his sentence, Defendant Carlisle has filed multiple motions to reduce his sentence for a variety of reasons, including amendments to the sentencing guidelines, and referring to his age during the conspiracy. *(Id.* citing docs. 165, 193, 198, 200, 206, 212, 216, 238, 263, 271). The reviewing court ultimately denied each motion and he was thus required to complete the court's originally imposed custody term.

The Request states that Defendant Carlisle has served 61 months of a 120-month supervised release term and that he maintained employment until he became medically disabled in 2024. The Request explains that he sustained a spinal injury in a car accident and other diagnosis. It further states that no violations have occurred within a one-year period, he has no new criminal conduct, he as paid court ordered fees, he has provided negative drug tests and has remained in substantial compliance with his conditions of release. Thus, the Request seeks early termination of Defendant Carlisle's remaining 58 (approximate) supervised release term.

For his part, the Defendant states that at time of the conspiracy he was 19 – 20 years old, at sentencing he was 21 years old, and he had no criminal history points. (Doc. 10 at 4). Carlisle also had three children, including a five-month-old, he was a high-school dropout and had minimal job history. (Id.). Today, the Defendant is 56 years old, and lives with his wife, daughter-in-law and four grandchildren whom he helps to support. (Id. at 5). He states that he is not a danger to the community and that further supervision is not

---

[1] The Southern District of Iowa's docket only include records from August 2004 through August 2020. The Court gleans the pertinent background from the district court's Order Denying Motion to Reduce Sentence (Doc. 287; CR-90-00035-RGE).

needed to deter him or to protect the public.

For its part, the Government opposes his early termination request based on the seriousness of the crimes for which he was convicted stating "there are significant aggravating circumstances about the underlying offense that ordinarily would give us some pause." (Doc. 9 at 1). It asks that Defendant Carlisle serve two-thirds of his supervised release term before early termination is complete. (Id. at 2).

II.     Law and Analysis

Title 18 U.S.C. § 3583(e)(1) gives a district court discretion in determining whether or not to grant a motion to terminate supervised release. *See United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). In so doing, the Court must consult the sentencing factors in 18 U.S.C. § 3553(a). *Id*. On review of those factors, the Court must be satisfied that early termination is warranted "by the conduct of the defendant released and the interest of justice." Furthermore, the Guide to Judiciary Policy provides additional guidance on early termination decisions, including: if he does not qualify as a career offender; if he presents no identified risk of harm to the public; if he is free from any court-reported violations over a 12-month period; if the person is in substantial compliance with supervision; if he is engaged in prosocial activities and receives sufficient support to remain lawful beyond the supervision term. *See Guide to Judiciary Policy*, Vol. 8E, Ch.3., § 360.20(c). A court must consider and weight all these factors in determining whether a defendant may receive early termination of the court's imposed supervised release term.

On review of the record before it, this Court is convinced that the Defendant's offenses were extremely serious and warranted the imposition of the originally imposed sentence. This is evident by the court routinely denying the Defendant's many motions to reduce his sentence from the time of imposition through at least 2019. This Court recognizes that he did serve the original court ordered 420 months in federal custody, and he has satisfied that portion of his court ordered sentence.

However, sentencing serves a different purpose from a supervised release term. When a supervised release term is imposed it is generally not for "punishment in lieu of

1  incarceration." *See Esteras v. United States*, 606 U.S. - - (2025), citing *United States v.*
2  *Granderson*, 511 U.S. 39, 50 (1994). Rather, it "fulfills rehabilitative ends" and "provides
3  individuals with post-confinement assistance." *Id*., citing *United States v. Johnson*, 529
4  U.S. 53, 59–60 (2000). The court must consider the forward-looking purposes of
5  supervised release and not focus on the "backward-looking purposes of retribution," such
6  as the seriousness of the crime. *Id*.

7        Considering the above precedent and the factors set forth in 18 U.S.C. § 3583(e)(1),
8  this Court is persuaded that Defendant Carlisle is no longer in need of post-confinement
9  assistance. As stated in the Request, he has complied with all of his supervised release
10 conditions.  Moreover, his personal circumstances have significantly changed. He is 56
11 years-old, does not need substance abuse treatment and he is physically disabled.  Due to
12 his disability, he is unable to work. He has remained crime free.  He has a prosocial home
13 environment that includes his wife, daughter-in-law and grandchildren.  In sum, Defendant
14 Carlisle is no longer in need of rehabilitation or post-confinement assistance.

15       **IT IS ORDERED** terminating Vernon Lamont Carlisle's Supervised Release.
16       Dated this 31st day of October, 2025.

Honorable Diane J. Humetewa
United States District Judge